1  Abbas Kazerounian, Esq. (SBN: 249203)
2  ak@kazlg.com
3  **Kazerounian Law Group**
   2700 North Main Street, Ste. 1050
4  Santa Ana, CA 92866
5  Telephone: (800) 400-6808
   Facsimile:  (800) 520-5523
6
7  Attorneys for the Plaintiffs

8

FILED

'010 OCT 15  PM 2: 29

CLERK US DISTRICT COURT
THERN DISTRICT OF CALIFORNIA

_____DEPUTY

9

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

10 CV 2158    L  RBB

| | |
|---|---|
| JOUBIN MORTEZAPOUR, AND SEYED RAZAVI INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>          **PLAINTIFFS,**<br>V.<br><br>**DIRECTV, INC., and DIRECTV HOLDINGS LLC,**<br>          **DEFENDANTS.** | Case Number: _____<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  Joubin Mortezapour (hereinafter "Mortezpour")  and Seyed Razavi (hereinafter "Razavi"), or collectively referred to as "Plaintiffs", bring this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Directv, Inc. (hereinafter "Directv" or "Defendant"), and Directv Holdings, LLC (hereinafter "Holdings"



ORIGINAL

or "Defendant"), collectively referred to as "Defendants", in negligently, and/or willfully contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to themselves  and their  own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their  attorneys.

## JURISDICTION AND VENUE

2.  Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seek relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiffs also seek up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3.  Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants do business within the State of California and the County of San Diego.

## PARTIES

4.  Plaintiffs are, and at all times mentioned herein was, individual citizens and resident of the State of California.  Plaintiffs are, and at all times mentioned herein were, "person(s)" as defined by 47 U.S.C. § 153 (10).

5.  Directv is the nation's largest provider of digital-to-home (DTH) entertainment via satellites to residential and commercial customers, with over 18 million subscribers and revenues in 2009 of more than $21 billion. Holdings is a wholly owned subsidiary of Directv.  Both Defendants are Delaware corporations but both have their headquarters in California and both do business within this

—

1   judicial district and in the County of San Diego.  Both Defendants were at all
2   times mentioned herein, corporations and  "persons," as defined by 47 U.S.C. §
3   153 (10).

4   6.   Plaintiffs are informed and believe, and on the basis of that information and
5        belief allege, that at all times mentioned in this Complaint, Defendants were
6        the agents and employees of their codefendants, and in doing the things
7        alleged in this Complaint, were acting within the course and scope of that
8        agency and employment.

9                                    FACTUAL ALLEGATIONS

10  7.   At all times relevant, Plaintiffs were individuals residing within the State of
11       California.  Plaintiffs are, and at all times mentioned herein were,  "persons"
12       as defined by 47 U.S.C. § 153 (10).

13  8.   Defendants are, and at all times mentioned herein were, corporations and
14       "persons," as defined by 47 U.S.C. § 153 (10).

15  9.   On multiple occasions over numerous days, all prior to the date this
16       Complaint was filed, but sometime after four years prior to the date this
17       Complaint was filed, Defendants, either directly or through their agents,
18       contacted both Plaintiffs on Plaintiffs' respective cellular telephones via an
19       "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

20  10.  During these telephone calls Defendants used "an artificial or prerecorded
21       voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

22  11.  The telephone numbers Defendants called were assigned to a cellular
23       telephone service for which Plaintiffs incurred charges for incoming calls
24       pursuant to 47 U.S.C. § 227 (b)(1).

25  12.  These telephone calls constituted calls that were not for emergency purposes
26       as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

27
28

13. Plaintiffs did not provide prior express consent to Defendants to receive calls on Plaintiffs' respective cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

14. These telephone calls by Defendants violated 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

15. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated ("The Class").

16. Plaintiffs represent, and are members of, The Class, consisting of all persons within the United States who received any telephone call(s) from Defendants to said persons' cellular telephones made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint.

17. Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe The Class Members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

18. Plaintiffs and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiffs and Class members via their cellular telephones thereby causing Plaintiffs and Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and Class members previously paid, by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiffs and Class members. Plaintiffs and The Class were damaged thereby.

19. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the

1    right to expand The Class definitions to seek recovery on behalf of additional
2    persons as warranted as facts are learned in further investigation and
3    discovery.

4    20.   The joinder of the Class members is impractical and the disposition of their
5          claims in the Class action will provide substantial benefits both to the parties
6          and to the court.  The Class can be identified through Defendant's records.

7    21.   There is a well-defined community of interest in the questions of law and fact
8          involved affecting the parties to be represented.  The questions of law and fact
9          to the Class predominate over questions which may affect individual Class
10         members, including the following:

11               a. Whether, within the four years prior to the filing of this
12                  Complaint, Defendants made any call (other than a call made for
13                  emergency purposes or made with the prior express consent of
14                  the called party) to a Class member using any automatic
15                  telephone dialing system or an artificial or prerecorded voice to
16                  any telephone number assigned to a cellular telephone service.

17               b. Whether Plaintiffs and the Class were damaged thereby, and the
18                  extent of damages for such violation; and

19               c. Whether Defendants should be enjoined from engaging in such
20                  conduct in the future.

21   22.   As persons that received numerous calls using an automatic telephone dialing
22         system or an artificial or prerecorded voice, without either Plaintiffs' express
23         prior consent, and as persons that never provided their respective cellular
24         telephone numbers to Defendants for the purpose of receiving unsolicited
25         calls on their cellular telephones,  Plaintiffs are asserting claims that are
26         typical of the Class.  Plaintiffs will fairly and adequately represent and protect
27         the interests of the Class in that Plaintiffs have no interests antagonistic to any
28         member of the Class.

23. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

24. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

25. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

26. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

FIRST CAUSE OF ACTION

NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

47 U.S.C. § 227 ET SEQ.

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendants in making the calls to the cell phones of Plaintiffs and The Class constitute numerous and multiple negligent

1    violations of the TCPA, including but not limited to each and every one of the

2    above-cited provisions of 47 U.S.C. § 227 *et seq.*

3  29.  As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*,

4    Plaintiffs and The Class are entitled to an award of $500.00 in statutory

5    damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

6  30.  Plaintiffs and The Class are also entitled to and seek injunctive relief prohibiting

7    such conduct in the future.

8              SECOND CAUSE OF ACTION

9       KNOWING AND/OR WILLFUL VIOLATIONS OF THE

10        TELEPHONE CONSUMER PROTECTION ACT

11             47 U.S.C. § 227 *ET SEQ.*

12  31.  Plaintiffs incorporate by reference paragraphs 1 through 26 of this Complaint as

13    though fully stated herein.

14  32.  The foregoing acts and omissions of Defendants in making the calls to the cell

15    phones of Plaintiffs and The Class, constitute numerous and multiple knowing

16    and/or willful violations of the TCPA, including but not limited to each and

17    every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

18  33.  As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227

19    *et seq.*, Plaintiffs and The Class are entitled to treble damages, as provided by

20    statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §

21    227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

22  34.  Plaintiffs and The Class are also entitled to and seek injunctive relief prohibiting

23    such conduct in the future.

24              PRAYER FOR RELIEF

25    Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs and The

26  Class members the following relief against Defendants:

27

28

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION
## OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Date: October 15, 2010

**Kazerouni Law Group**

By: _____
Abbas Kazerounian, Esq.
Attorneys for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Joubin Mortezapour, and Seyed Razavi, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Abbas Kazerounian, Esq. 2700 North Main Street, Ste. 1050. Santa Ana, CA 92866. 800-400-6808

## DEFENDANTS

Directv, Inc., and Directv Holdings LLC PM 2:29

County of Residence of First Listed Defendant   Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Unknown   '10 CV 2158   (L) RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 · 1331 TCPA.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   10-15-10

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  19144   AMOUNT  $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

10-15-10

ORIGINAL

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS019144
Cashier ID: mbain
Transaction Date: 10/15/2010
Payer Name: KAZEROUNI LAW GROUP
----------------------------------
CIVIL FILING FEE
 For: MORTEZAPOUR V DIRECTV
 Case/Party: D-CAS-S-10-CV-002158-001
 Amount:          $350.00
----------------------------------
CHECK
 Check/Money Order Num: 112
 Amt Tendered: $350.00
----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:       $0.00


There will be a fee of $45.00
charged for any returned check.
```